J-A05035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN E. THOMA | : | |
| | : | |
| Appellant | : | No. 1005 WDA 2019 |

Appeal from the Judgment of Sentence Entered February 21, 2019
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0000993-2018

BEFORE: BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

DISSENTING STATEMENT BY BOWES, J.: **FILED APRIL 23, 2020**

I respectfully dissent. I cannot concur in the Majority's conclusion that Jonathan Thoma did not receive a "reasonable warning" or "request to desist" pursuant to 18 Pa.C.S. § 5503(b). Accordingly, I would sustain Appellant's conviction for disorderly conduct graded as a third-degree misdemeanor. *Id*.

I wish to emphasize that our standard of review requires us to view the evidence in the light most favorable to the Commonwealth. *See **Commonwealth v. Teems***, 74 A.3d 142, 144-45 (Pa.Super. 2013). Under that deferential standard, I believe that the Majority has taken a too-narrow view of the many warnings issued to Thoma by law enforcement at different points in the underlying encounter. The Majority's holding concludes that it was the totality of Thoma's actions that established the *actus reus* of

_____

[*] Retired Senior Judge assigned to the Superior Court.

disorderly conduct, *i.e.*, engaging in "fighting or threatening, or in violent or tumultuous behavior." 18 Pa.C.S. § 5503(a). In particular, Thoma's attempted flight and physical struggle with law enforcement are significant parts of that analysis. *See* Majority Memorandum at 6-7. During the course of those events: (1) both Troopers Roland and Onder ordered Thoma to cease fleeing during the initial foot chase; (2) both Troopers Roland and Onder warned Thoma that he would be tased if he did not comply; and (3) Trooper Roland requested that Thoma "sit still" and "calm down" after he had been tased and handcuffed. *See* Trial Court Opinion, 5/30/19, at 3-4 (citing N.T., 1/19/19, at 24-26). At each of these junctures, Thoma refused to comply with the troopers' warnings and requests, and remained combative.

The Majority's analysis ignores the initial interactions, and instead focuses on the final set of warnings Trooper Roland issued. *See* Majority Memorandum at 7-8. Examining these warnings in isolation, the Majority concludes they are insufficient to establish the grading of Thoma's disorderly conduct conviction. *Id*. The Majority's analysis characterizes Trooper Roland's commands as "standard," and holds that they did not sufficiently warn Thoma that he "would suffer additional consequences or criminal liability if he did not desist in his behavior." Majority Memorandum at 8.

For reference, the at-issue statutory language provides as follows in its entirety: "An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, **or if he persists in disorderly conduct after reasonable warning or**

**request to desist.** Otherwise disorderly conduct is a summary offense." 18 Pa.C.S. § 5503(b) (emphasis added).

I must disagree with the Majority's assessment. My review of the available facts indicates that, during the initial pursuit of Thoma, the Troopers verbally requested that Thoma desist in fleeing and warned him that he would be tased if he refused to comply. ***See*** N.T., 1/19/19, at 24. Once Thoma regained consciousness after being tased, Trooper Roland repeatedly asked him to cease his combative behavior by remaining "still" and "calm." ***Id***. at 24-26. Throughout, Thoma ignored these repeated requests and warnings from law enforcement, and only desisted in his combative behavior several minutes after being handcuffed and physically restrained. ***Id***. at 24-26. I would hold that these collective instructions[1] from both Troopers Roland and Onder, coupled with Thoma's continued combative behavior, were sufficient to constitute a "reasonable warning or request to desist" under the operative statute.[2] ***See*** 18 Pa.C.S. § 5503(b).

_____

[1]  The Majority's holding states that "standard" instructions from law enforcement may not constitute a "reasonable warning or request to desist" under § 5503(b). Majority Memorandum at 8. The Majority has cited no authority in support of this extraordinary conclusion.

[2]  It is understandable (but telling) that the Majority has not cited any case law with respect to its discussion of § 5503(b)—there is precious little precedent discussing the precise contours of what constitutes a "reasonable" warning in this context. Arguable guidance from our Supreme Court indicates that even limited warnings from law enforcement can be sufficient, so long as they are lawful. ***See***, ***e.g.***, ***Commonwealth v. DeLuca***, 597 A.2d 1121, 1123 (Pa. 1991) ("Here, the officer made no illegal or unreasonable request

Therefore, I respectfully dissent.

_____

of the [defendant].  The [defendant's] response was the very type of spark the statute so plainly seeks to extinguish before it becomes a flame.").